```
McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorney for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-CV-02105 WBS-KJM |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER FOR STAY** |
| REAL PROPERTY LOCATED AT 13 BLIZZARD MINE ROAD, WILSEYVILLE, CALIFORNIA, CALAVERAS COUNTY, APN: 012-011-004, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | Judge: Hon. William B. Shubb |
| Defendant. | No. 2:07-CV-02114 WBS-KJM |
| UNITED STATES OF AMERICA, | **STIPULATION AND ORDER FOR STAY** |
| Plaintiff, | |
| v. | Judge:  Hon. William B. Shubb |
| REAL PROPERTY LOCATED AT 24545 N. SUTTENFIELD ROAD, ACAMPO, CALIFORNIA, SAN JOAQUIN COUNTY, APN: 021-042-16, | |
| Defendant | |

Plaintiff United States of America, and Claimants William Pearce

and Kristin Burckard, by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled actions, and request that the Court enter an order staying all further proceedings for a period of six months pending the outcome of a related criminal investigation against Claimants.

1. On October 5, 2007, plaintiff filed the above-captioned complaints for forfeiture *in rem* against real properties owned by William H. Pearce and Kristin Burckard. Claimant Pearce has filed claims to the defendant properties described in the captions above, and has filed answers to the plaintiff's complaints. Claimant Kristin Burckard has filed a claim to the Suttenfield Road property and has filed an answer to the complaint plaintiff filed against that property.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). With respect to the Suttenfield property, the plaintiff contends that proceeds from marijuana trafficking were used to pay down a line of credit against the property, and that the defendant property is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). As an alternate theory the plaintiff alleges that the property was involved in a money laundering transaction (the use of the proceeds of a "specified unlawful activity" (drug trafficking) to pay off part of a lien against the property) and is therefore forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) for violations of the money laundering statute, 18 U.S.C. § 1957. With respect to the Blizzard Mine Road property, the plaintiff alleges that the property is forfeitable for the same reasons as the Suttenfield property, and for the additional reason that it was used to cultivate marijuana and is therefore forfeitable pursuant to 21 U.S.C. § 881(a)(7).

3. To date claimants have not been charged with any criminal

1 offense by state, local, or federal authorities, and the statute of
2 limitations has not expired on potential criminal charges relating to
3 the drug trafficking offenses underlying the forfeiture cases.
4 Nevertheless, the plaintiff intends to depose claimants regarding their
5 involvement in marijuana trafficking; their use of drug proceeds to pay
6 off lines of credit against the property; and the cultivation of
7 marijuana at the Blizzard Mine Road property.  If discovery proceeds at
8 this time, claimants will be placed in the difficult position of either
9 invoking their Fifth Amendment right against self-incrimination and
10 losing the ability to pursue their claims to the defendant real
11 property, or waiving their Fifth Amendment right and submitting to a
12 deposition and potentially incriminating themselves.  If they invoke
13 their Fifth Amendment rights, the plaintiff will be deprived of the
14 ability to explore the factual basis for the claims each filed with
15 this court.

16     4.  In addition, claimants intend to depose the law enforcement
17 officers involved in this investigation.  Allowing depositions of the
18 law enforcement officers at this time would adversely affect the
19 ability of federal authorities to investigate the underlying criminal
20 conduct.

21     5.  The parties recognize that proceeding with this action at
22 this time has potential adverse affects on the investigation of the
23 underlying criminal conduct and/or upon claimant's ability to prove his
24 claim to the property and assert any defenses to forfeiture.  For these
25 reasons, the parties jointly request that this matter be stayed for six
26 months.  At that time the parties will advise the court of the status
27 of the criminal investigation, if any, and will advise the court
28 whether a further stay is necessary.

1    6. The parties request that the status conference currently
2 scheduled for March 10, 2008, be vacated and rescheduled to sometime in
3 September, 2008.

Dated: March 3, 2008           McGREGOR W. SCOTT
                               United States Attorney


                          By   /s/ Kristin S. Door
                               KRISTIN S. DOOR
                               Assistant U.S. Attorney
                               Attorneys for Plaintiff
                               United States of America



                               DANIEL J. BRODERICK
                               Federal Defender


Dated: March 3, 2008      By   /s/ Timothy Zindel
                               TIMOTHY ZINDEL
                               Assistant Federal Defender
                               Attorney for claimant
                               William Pearce


Dated:  March 3, 2008          /s/ Krista Hart
                               KRISTA HART
                               Attorney for claimant
                               Kristin Burckard

//

//

1 | Dated: March 3, 2008                /s/ Scott J. Stilman
                                        SCOTT J. STILMAN
2 |                                     Attorney for claimant
                                        WASHINGTON MUTUAL BANK
3 |
4 |                               **O R D E R**

5 |     For the reasons set forth above, this matter is stayed pursuant to
6 | 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months.  The
7 | status conference scheduled for March 10, 2008 is vacated and is
8 | rescheduled to **September 8, 2008 at 2:00 p.m.** at which time the
9 | parties will advise the court whether a further stay is necessary.
10 |
11 |     IT IS SO ORDERED.
12 |
13 | Dated: March 4, 2008
14 |
15 |                                     WILLIAM B. SHUBB
                                        UNITED STATES DISTRICT JUDGE

-5-